COURT OF APPEALS
DECISION
DATED AND FILED

September 10, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP902-CR**

Cir. Ct. No. **2016CM2140**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

VICTORIA L. CONLEY,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Dane County: NICHOLAS J. McNAMARA, Judge. *Affirmed*.

¶1 BLANCHARD, J.[1] Victoria Conley entered a plea of no contest to a single count of disorderly conduct as a criminal offense. She now appeals the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

judgment of conviction and an order denying her motion for postconviction relief. In the postconviction motion, Conley challenged her plea under WIS. STAT. § 971.08 and *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). Specifically, Conley relied on § 971.08(1)(a), which provides in pertinent part that the plea-taking court must "determine that the plea is made voluntarily with understanding of the nature of the charge."[2] She argued that she did not understand the nature of the crime at the time of the plea, resulting in a manifest injustice.

¶2 After holding an evidentiary hearing on the motion, the circuit court rejected Conley's argument, finding that Conley understood the nature of the crime.

¶3 I assume without deciding that Conley is correct that the plea colloquy taken by the circuit court was defective because the court failed to establish Conley's understanding of the nature of the crime. However, I conclude that the State showed by clear and convincing evidence that Conley entered her plea knowingly, voluntarily, and intelligently and that the circuit court did not clearly err in later finding, based on the entire record, that at the time of her plea Conley understood the nature of the crime. I also reject a difficult-to-follow argument by Conley focusing on the concept of duplicity. Accordingly, I affirm.

---

[2] Conley has raised no issue about her understanding the maximum penalties, a topic also addressed in WIS. STAT. § 971.08(1)(a).

# BACKGROUND

¶4      The criminal complaint charged Conley with three offenses:  two counts of misdemeanor battery and one count of disorderly conduct.  All three offenses allegedly occurred over the course of a short period one evening in the same general area of Madison.

¶5      The following are pertinent allegations from the complaint.  Conley was in a car when she confronted her husband, who was then in a different car.  Riding with the husband in his car was a female, "Tina" (not her real name).[3] Conley used the car she was operating to intentionally "rear end" the husband's car multiple times.

¶6      The husband drove to a nearby restaurant parking lot, with Tina still in his car, and Conley following.  The husband parked in the lot and got out of his car.  Conley got out of her car and "attacked [the husband] with closed fists."

¶7      Conley then "attack[ed]" Tina inside the husband's car.  She punched Tina, pulled her hair and "pulled out" her pony tail, and forced her into the back seat of the car.  I will refer to this as "the alleged attack in the car."

¶8      After the alleged attack in the car, Tina emerged from the husband's car and entered the restaurant.  About five minutes later, Conley entered the restaurant, accompanied by about four other females.  Various of these persons pushed Tina down in her booth, held her down, and hit her.  The complaint did not

---

[3] I recognize that appellate briefing is not routine work for most assistant district attorneys in Wisconsin.  But I inform or remind counsel for the State that in appeals the names of victims are generally redacted by counsel and the court through use of pseudonyms of some kind. *See* WIS. STAT. RULE 809.86(4).

allege a specific role for Conley in this activity in the restaurant, only that she was present before Tina was attacked.

¶9     The criminal complaint identified the victim of both batteries as Tina, with one battery occurring in the parking lot of the restaurant and the other occurring inside the restaurant. But the complaint did not specify a location or victim for the disorderly conduct.

¶10     The parties entered into a plea agreement. The State agreed to move to dismiss the two battery charges and Conley entered a no contest plea to disorderly conduct. The court accepted the plea as proposed by the parties, including following a joint recommendation that the court order a $100 fine plus costs and assessments as the sentence.

¶11     During the plea and sentencing hearing, the circuit court informed Conley: "the charge at Count 3 alleges on or about October 17, 2016, in the City of Madison, … you engaged in disorderly conduct under circumstances in which such conduct tended to cause a disturbance."[4] The court confirmed personally with Conley that she had gone over a plea questionnaire and waiver of rights form with her attorney and had then signed the plea form.[5] Conley's attorney told the

---

[4] The charging paragraph of count 3 of the criminal complaint, to which the court referred at the plea hearing but did not quote in full, used language from WIS. STAT. § 947.01(1), which provides in its entirety:

> Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor.

[5] The plea form bears signatures for both trial counsel and Conley. It states in pertinent part that Conley had completed 14 years of schooling, and it had a checked box indicating: "I do understand the charge(s) to which I am pleading." However, left blank on the plea form is the

(continued)

court that she was satisfied that Conley understood possible defenses that Conley might have to the disorderly conduct charge and that Conley was entering the plea voluntarily, intelligently, and with understanding. Both Conley's attorney and Conley personally confirmed that the court could rely on the allegations in the complaint to provide an adequate factual basis for the plea.

¶12 After the court accepted the plea, counsel for both sides briefly urged the court to adopt the joint sentencing recommendation. In making a brief sentencing argument, Conley's counsel told the court that, "from [Conley's] perspective," the "events that happened in the car"—a reference to the alleged attack in the car—"was absolutely a mutual fight. Both women came away with injur[ies] from that altercation."

¶13 Represented by new counsel, Conley filed the motion for postconviction relief at issue in this appeal. She requested an evidentiary hearing. Conley claimed that the plea-taking court failed to "determine that the plea [was] made voluntarily with [Conley's] understanding of the nature of the charge," as required by WIS. STAT. § 971.08(1)(a), and also that at the time of the plea Conley "did not know that the State would have to prove that her conduct had a tendency to disrupt good order and to provoke a disturbance." Conley also alleged that her trial counsel provided ineffective assistance because she did not move to dismiss

---

portion that allows the defendant and counsel to state the elements of the offense or to indicate that counsel had explained the elements to the defendant. Further, neither the court, defense counsel, nor the prosecutor ever per se delineated the two elements of disorderly conduct during the course of the plea hearing. *See* ***City of Oak Creek v. King***, 148 Wis. 2d 532, 540, 436 N.W.2d 285 (1989) (the two elements are (1) "the conduct must be of the type enumerated in the statute or similar thereto in having a tendency to disrupt good order," and (2) "the conduct must be engaged in under circumstances which tend to cause or provoke a disturbance.").

the disorderly conduct charge on the ground that the charge was unconstitutionally vague and duplicitous.[6]

¶14 The circuit court granted Conley's request for an evidentiary hearing. At the hearing, Conley waived her right to maintain the attorney-client privilege and her trial counsel testified. Most pertinent to this appeal, trial counsel testified in part as follows regarding her pre-plea discussions with Conley:

> Q. [Trial counsel], do you recall what you [told] Ms. Conley when describing what conduct constituted the disorderly conduct charge?
>
> A. Ms. Conley and I had had several conversations just about the case in general, but specifically about if the case were to resolve with a plea to disorderly conduct could there be an agreement about what conduct could have formed the basis for a disorderly conduct charge if she was going to plea to it. My memory of the events in my conversations with Ms. Conley is that she agreed that she engaged in a mutual fight and that that was what she was prepared to stipulate to as far as forming the factual basis for disorderly conduct.

¶15 Conley did not testify. She submitted an affidavit that made the following broad averment without elaboration: "Neither my attorney or the Court explained to me at the time what disorderly conduct meant or what the State would have been required to prove at trial to conclude that my conduct was disorderly."

¶16 The circuit court denied the motion. The court concluded in pertinent part that Conley "understood the nature of the crime" and "the elements the State would have to prove to convict her at trial." The court also stated that

---

[6] Conley purported to raise other arguments in the postconviction motion, but she has abandoned the other arguments in this appeal.

"the charge of disorderly conduct at count 3 was not duplicitous of the two battery charges."

## DISCUSSION

¶17     I first address the main thrust of Conley's argument, which is that her plea was not knowing, intelligent, and voluntary because she did not understand the nature of the crime to which she entered a plea of no contest. Then I address the portion of her main argument or additional argument concerning duplicity, as best I understand it.

¶18     "When a defendant seeks to withdraw a guilty plea after sentencing, he [or she] must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'" *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (quoted source omitted). One way for a defendant to meet this burden is to show that he or she did not enter the plea knowingly, intelligently, and voluntarily. *Id.*

¶19     If a defendant makes a prima facie case showing that the circuit court failed to comply with WIS. STAT. § 971.08 or other mandatory procedures and also alleges that he or she did not "know or understand the information which should have been provided at the plea hearing, the burden will then shift to the state to show by clear and convincing evidence that the defendant's plea was knowingly, voluntarily, and intelligently entered, despite the inadequacy of the record at the time" the plea was accepted. *Bangert*, 131 Wis. 2d at 274. As noted above, one requirement of § 971.08 is that the circuit court "[a]ddress the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge." Sec. 971.08(1)(a).

¶20 Our supreme court has summarized the standards of review in this context as follows:

> A circuit court's decision [as to whether] to permit the withdrawal of a plea is ordinarily a matter of the circuit court's discretion, and we therefore review the circuit court's determination under an erroneous exercise of discretion standard. Further, we recognize that in accepting a plea, the circuit court must make findings of fact. We do not disturb a circuit court's findings of fact, except in situations where those findings are contrary to the great weight and clear preponderance of the evidence. Therefore, "we must ensure that the circuit court's determination was made upon the facts of record and in reliance on the appropriate and applicable law."

*State v. Cain*, 2012 WI 68, ¶20, 342 Wis. 2d 1, 816 N.W.2d 177 (citations omitted). However, when the defendant establishes that a plea is "constitutionally infirm," the circuit court must allow the plea to be withdrawn as a matter of right. *See id.*, ¶21. Review is not limited to record of the plea and sentencing hearing, but instead courts are to consider the "totality of the circumstances" as reflected in the entire record. *See id.*, ¶¶29, 31.

*Analysis*

¶21 I assume without deciding that Conley made a prima facie case showing that the circuit court failed to comply with WIS. STAT. § 971.08(1)(a) in accepting Conley's plea. Separately, however, considering the record as a whole, I conclude that the State showed by clear and convincing evidence that Conley's plea was knowingly, voluntarily, and intelligently entered and that the circuit court did not clearly err in making the postconviction finding that Conley understood the nature of the crime. Record evidence in support of my conclusion is ample and includes the following.

¶22 Conley had 14 years of formal education and the transcript does not reflect that she expressed any confusion during the plea and sentencing hearing. Further, at the postconviction hearing she showed that she was able and willing to express confusion in the courtroom. She expressed confusion in connection with her right to waive her right to maintain the confidentiality of attorney-client information, and the court appeared to dispel her confusion by explaining pertinent legal concepts.

¶23 Conley told the court at the time of the plea that it could rely on the allegations in the criminal complaint. Those allegations are clear and internally consistent. In particular, the alleged attack in the car described in the complaint is easily understood as portraying violent and abusive conduct tending to cause or provoke a disturbance. Conley does not now point to any divergence between, on the one hand, the ordinary, commonly understood meaning of the words "violent," "abusive," or "disturbance," and on the other hand any case law interpretations of those words in WIS. STAT. § 947.01(1). Conley asserts ambiguously that "[t]he disorderly conduct charge is just all over the place," but she fails to support the assertion. Related concepts are further addressed below in connection with her purported duplicity argument.

¶24 Further, there are the following facts: (1) Conley represented on the plea form, "I do understand the charge(s) to which I am pleading"; (2) Conley's trial counsel told the plea-taking court that she was satisfied that Conley understood any possible defenses she might have to the disorderly conduct charge and that Conley was entering the plea voluntarily, intelligently, and with understanding; and (3) both Conley's counsel and Conley personally confirmed

9

that the court could rely on the allegations in the complaint to provide an adequate factual basis for the plea to disorderly conduct.[7]

¶25    Further, trial counsel testified at the evidentiary hearing on the postconviction motion that she and Conley had multiple relevant conversations, during the course of which Conley "agreed that she engaged in a mutual fight"— meaning the alleged attack in the car—"and that that was what she was prepared to stipulate to as far as forming the factual basis for disorderly conduct."[8]

¶26    Conley asserts on appeal that "she was led to believe that she lacked a defense to the disorderly conduct charge." It is not clear what she means by this. If she means that her trial counsel misled her into thinking that she did not have a possible defense that the alleged attack in the car was in fact a "mutual fight," she completely fails to support this assertion. That is, she fails to point to any suggestion in the record that she was misled about any potential defense she might have. Indeed, defense counsel specifically informed the court at the time of the plea that counsel had gone over potential defenses with Conley. If, in contrast, she

---

[7] I have no reason to resolve the dispute on appeal about whether, under such precedent as *State v. Trochinski*, 2002 WI 56, ¶¶20, 29, 253 Wis. 2d 38, 644 N.W.2d 891, the plea-taking court was obligated to address the elements of disorderly conduct or at least obtain more information about Conley's knowledge of the elements. Instead, I focus on record facts that could support or undermine the circuit court's finding that Conley in fact understood the nature of the crime at the time of the plea. *See State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986).

[8] In Conley's brief to the circuit court following the evidentiary hearing on the postconviction motion, her argument was that it was unclear whether, in making her plea, she was "admitting that she had been disorderly in the parking lot or inside the restaurant?" The record provides the answer: in the car in the parking lot. The circuit court could reasonably have deduced this from both trial counsel's sentencing argument about the "events that happened in the car" being "a mutual fight," and from the testimony of trial counsel that she and Conley agreed that the factual basis for the plea was "the mutual fight."

means to make an argument based on the concept of duplicity in charging by the State, I address that idea below.

¶27    Conley suggests that it is significant that trial counsel testified at the postconviction hearing that she did not specifically go over the jury instruction for disorderly conduct with Conley. However, trial counsel also testified that she has represented criminal defendants for 15 years, which naturally included representing prior clients who entered pleas to the high volume charge of disorderly conduct. The circuit court could reasonably have relied on this testimony to find that highly experienced trial counsel did not need to consult the jury instruction on this occasion in order to accurately explain to Conley the nature of the very familiar charge in the context of the potential evidence in this case.

¶28    Conley argues that the record reflects that she particularly lacked an understanding of the phrase that I now emphasize from WIS. STAT. § 947.01(1): "engages in violent, abusive, indecent, profane, boisterous, unreasonably loud *or otherwise disorderly conduct*." *See* **State v. Givens**, 28 Wis. 2d 109, 115, 135 N.W.2d 780 (1965) (interpreting the phrase "otherwise disorderly conduct" in § 947.01(1) (1963-64) (current statutory language unchanged since 1963-64) to mean "conduct of a type not previously enumerated [*e.g.*, "violent, abusive," etc.] but similar thereto in having a tendency to disrupt good order and to provoke a disturbance."). There are at least two problems with this "otherwise disorderly" argument. First, there is no specific evidence that trial counsel did *not* explain to Conley the meaning of "otherwise disorderly," apart from the blanket, conclusory assertion in Conley's postconviction affidavit that nothing whatsoever was explained to her, an averment that the circuit court had a reasonable basis to

11

reject.[9]   Second, Conley fails to develop an argument that the meaning of "otherwise disorderly" mattered to the nature of the charge here as the charge was referred to at the plea and sentencing hearing and at the postconviction motion hearing.   As noted above, the complaint plainly alleged violent and abusive conduct in the form of the alleged attack in the car.   Further, the circuit court made no reference to "otherwise disorderly conduct" at the plea and sentencing hearing.

*Duplicity*

¶29   Turning to Conley's assertion that "the charge was duplicitous," I could reject this aspect of the argument as undeveloped.   It is not referred to in any section heading of Conley's briefing on appeal, but instead is alluded to in the course of a single argument in a confusing manner.   In any case, however, I now attempt to summarize the argument and why I reject it.

¶30   Conley may mean to suggest the following argument.   It was impossible for Conley to have understood the nature of the charge to which she entered a plea because the complaint described two or more separate incidents of disorderly conduct and at the time of the plea no one explained which one Conley was pleading to.   *See State v. Lomagro*, 113 Wis. 2d 582, 586-87, 335 N.W.2d 583 (1983) (duplicity doctrine implicates constitutional due process rights of defendants, such as the right to notice of the charge, jury unanimity, and the ability

---

[9] Conley also fails to explain why the conduct that the complaint attributes to her regarding the alleged attack in the car would not, in addition to being "violent" and "abusive," separately fall within the "otherwise disorderly" conduct defined in *State v. Givens*, 28 Wis. 2d 109, 115, 135 N.W.2d 780 (1965), as conduct that would have "a tendency to disrupt good order and to provoke a disturbance."

to avoid double jeopardy, and involves the State charging "joining in a single count … two or more separate offenses.").[10]

¶31　If this is Conley's argument, it is easily resolved based on record evidence that the circuit court could reasonably rely on. This notably includes the testimony of trial counsel highlighted above, which the circuit court clearly credited. To repeat, when asked what trial counsel and Conley had discussed that "constituted the disorderly conduct charge," trial counsel explained that they agreed that the alleged attack in the car could constitute disorderly conduct. Consistent with this, trial counsel's brief sentencing argument focused on the alleged attack in the car. Thus, there is a solid basis to support a finding that Conley understood the nature of the crime to which she entered the plea, namely, her conduct in the alleged attack in the car, which was plainly alleged to have been violent and abusive conduct under circumstances in which such conduct tended to cause a disturbance.

¶32　Conley does not argue that there was not a sufficient factual basis for the plea. To the contrary, she essentially suggests that the complaint alleged an *excess* of factual basis, because she could have been charged based on the allegations in the complaint with multiple counts of disorderly conduct. But even if that is true, the possibility of multiple disorderly conduct charges is irrelevant.

---

[10] I need not delve further into the substance of the duplicity doctrine given my basis for resolving this issue. But I briefly note for context the general rule that, if the defendant's actions may be properly viewed as one continuing offense, then it is up to the State whether to charge one continuous offense, a single offense, or a series of offenses, although the State's discretion is limited by the purposes of the prohibition against duplicity. *See State v. Lomagro*, 113 Wis. 2d 582, 588, 335 N.W.2d 583 (1983). For reasons explained in the text, I need not decide whether the entire course of conduct by Conley alleged in the complaint could have been charged as a single episode of disorderly conduct and presented as such to a jury.

The fact remains that the circuit court had a reasonable basis to find that she entered a plea based on her role in the alleged attack in the car. Further, the circuit court had an ample basis in the record to reasonably find that Conley was aware at the time of the plea that she was giving up her right to present at a trial any defense to the effect that she did not intentionally and unjustifiably contribute to a violent, abusive disturbance through her conduct in the alleged attack in the car.

¶33 Conley alludes to the concept of constitutional vagueness, but I need not summarize aspects of that doctrine. Conley does not begin to develop an argument that the complaint's allegations regarding Conley's role in the alleged attack in the car could not be easily understood to fall within the definition of disorderly conduct.

¶34 Conley asserts that trial counsel was constitutionally ineffective for failing to recognize that "the charge was duplicitous," but I discern no content to this argument that I have not rejected for reasons explained above. Ineffective assistance of counsel can constitute a manifest injustice entitling a defendant to plea withdrawal, *see* ***State v. Berggren***, 2009 WI App 82, ¶10, 320 Wis. 2d 209, 769 N.W.2d 110, but an attorney does not perform deficiently by failing to make a losing argument. *See* ***State v. Toliver***, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994). I cannot discern what duplicity-related argument Conley now posits that trial counsel should have made and failed to make. Given Conley's lack of clarity on the issue, I can only assume that whatever argument she has in mind would have been a losing one.

¶35 For all these reasons, I conclude that Conley has not met her burden of showing by clear and convincing evidence that permitting withdrawal of her no

contest plea is necessary to correct a manifest injustice. *See **Cain***, 342 Wis. 2d 1, ¶20.

> *By the Court*.—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.